```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        JACKSONVILLE DIVISION
```

JAMES ALEXANDER LOGAN,

        Plaintiff,

v.                                    Case No. 3:17-cv-765-J-39PDB

M.C. CLEMMONS et al.,

        Defendants.

_____

## ORDER

    Before the Court is Plaintiff's Motion titled "Judicial Notice for Judicial Action" (Doc. 56; Motion). Plaintiff requests that the Court enter a restraining order against non-Defendant officers. Motion at 1, 3. Plaintiff asserts Defendants "are using other correctional officers . . . to retaliate[] against [him] by way of falsifying [disciplinary reports]." Id. at 1. He contends non-Defendant correctional officers have been sexually harassing and verbally threatening him, and his life is in danger. Id. at 1-2, 4.[1] He states the Warden fails to take corrective action, and the "Inspector General is also down with cover up for the[] officers." Id. at 3-4. Plaintiff does not explain Defendants' alleged roles in the retaliatory conduct.

---

[1] In light of Plaintiff's assertions, the Clerk of Court sent a copy of Plaintiff's Motion and the Amended Standing Order (Doc. 57) that is entered when an inmate makes a claim of suicidal intent or other imminent physical harm, to the Inspector General and to the Warden of Suwannee Correctional Institution.

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an 'extraordinary and drastic remedy,' and [the movant] bears the 'burden of persuasion.'" Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)). To obtain injunctive relief, a movant must demonstrate the following four elements:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). A request for injunctive relief is properly denied when the movant seeks relief with respect to claims outside those raised in the operative complaint. See Kaimowitz v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir. 1997), opinion amended on reh'g, 131 F.3d 950 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit.").

The Court is of the opinion that injunctive relief is not warranted. First, Plaintiff improperly seeks injunctive relief against individuals who are not Defendants in this action, for matters "lying wholly outside the issues in the suit." See

Kaimowitz, 122 F.3d at 43 (holding the district court did not err in denying a motion for preliminary injunction that sought relief on a claim not raised in the pleadings). Second, Plaintiff's request does not comply with this Court's Local Rules, which require that a motion for injunctive relief (1) be supported by a verified complaint or affidavits showing the movant is threatened with irreparable injury; (2) describe precisely the conduct sought to be enjoined; and (3) include a supporting memorandum of law. See Rules 4.05(b)(1)-(4), 4.06, Local Rules of the United States District Court for the Middle District of Florida.

Accordingly, Plaintiff's Motion is **DENIED**. If Plaintiff believes he has suffered new constitutional violations at the hands of other officers who are not parties to this action, he may initiate a new civil rights case by filing a new complaint.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of June, 2019.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
James Alexander Logan
Counsel of Record