UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


JAMES ALEXANDER LOGAN,

        Plaintiff,

v.                          Case No. 3:17-cv-765-J-39PDB

M.C. CLEMMONS et al.,

        Defendants.

_____

## ORDER

### I. Status

Plaintiff, James Alexander Logan, is proceeding on a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. 1; Compl.) against the following individuals at Suwannee Correctional Institution (SCI): M.C. Clemmons, Warden; F. W. Mock, Assistant Warden; Melissa L. Comerford, Head of Classification; C. McGee, Captain; D. Spreadly, Sergeant; C. Edward, Lieutenant; and C. Morgan, Sergeant. See Compl. at 3, 5-6. Plaintiff alleges Defendants violated the Eighth Amendment by failing to protect him from an inmate attack, failing to intervene during the attack, or "by conspiring to help kill [him]." Id. at 7. Before the Court is Defendants' joint motion to dismiss (Doc. 54; Motion). Plaintiff has responded (Doc. 55; Resp.). Accordingly, the motion is ripe for this Court's review.

## II. Motion Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Additionally, the complaint allegations must be construed in the light most favorable to the plaintiff. Gill as Next Friend of K.C.R. v. Judd, --- F.3d ---, No. 17-14525, 2019 WL 5304078, at *2 (11th Cir. Oct. 21, 2019). When a plaintiff proceeds pro se, the court must liberally construe the allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Though detailed factual allegations are not required, Federal Rule of Civil Procedure 8(a) demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. As such, a plaintiff may not rely on "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Gill, 2019 WL 5304078, at *2 (quoting Iqbal, 556 U.S. at 678). Rather, the well-pled allegations must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S.

at 570. A plaintiff should allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's claims. Id. at 556.

### III. Complaint Allegations[1]

Plaintiff claims Defendants failed to protect him when his cellmate, a murderer and gang member, attacked him. Compl. at 7, 12. Plaintiff alleges that, on December 15, 2016, Defendant Spreadly approached his cell to speak with his cellmate, inmate Bank. Id. at 11. While Defendant Spreadly was at the cell, inmate Bank punched Plaintiff in his face. Id. Defendant Spreadly walked away "like he saw nothing." Id. Plaintiff and inmate Bank then started fighting. Inmate Bank began "telling inmates to call [Defendant] Spreadly which inmates [were] blood game [sic] members and that he need [sic] a knife." Id. Defendant Spreadly returned to the cell, apparently with gang member inmate Harris. Plaintiff asked Defendant Spreadly to let him out of the cell, but Spreadly refused to do so and again walked away, leaving inmate Harris at the cell. Id.

After Spreadly left, inmate Harris slid a knife under the cell door to inmate Bank, who used the knife to stab Plaintiff in

---

[1] Plaintiff offers an exhibit in support of his Complaint (Doc. 1-1). Under Rule 10(c) of the Federal Rules of Civil Procedure, a complaint exhibit "is part of the pleading for all purposes." See also Gill, 2019 WL 5304078, at *2 (recognizing a district court may consider exhibits to a complaint when ruling on a motion to dismiss). When the Court references Plaintiff's exhibit, it will cite it as "Compl. Ex."

his chest, knee, and finger. Id. at 11-12. It is unclear whether Defendant Spreadly saw inmate Harris slide the knife to inmate Bank, or whether Defendant Spreadly knew inmate Harris had a knife. However, Plaintiff alleges that, after the attack, inmate Harris, in front of Defendant Spreadly, admitted to providing the knife to inmate Bank. Id. at 12. Plaintiff alleges Defendant Spreadly was deliberately indifferent to his safety by failing to intervene during the attack. Id. at 9, 13.

No other Defendant was present during or witnessed the attack. Plaintiff asserts Defendant Comerford, the head of classification, and Defendant Morgan, the movement sergeant, inadequately screened him and negligently placed him in a cell with inmate Bank, knowing he was a murderer and gang member. Id. at 12, 13, 14.

Plaintiff alleges Defendants Clemmons, Mock, Edward, and McGee were deliberately indifferent to his safety by failing "to take corrective action to have all dorms through[ly] search[ed]" for weapons knowing that "inmates [had] been killing each other." Id. at 8, 9, 10, 12. Plaintiff asserts he had been housed at SCI for about two months when this attack occurred, and during that time, there had been a similar incident in his dorm. According to Plaintiff, in November 2016, an inmate stabbed and killed his cellmate. Id. at 13. Plaintiff alleges Defendants Clemmons, Mock, Edward, and McGee were aware of the November incident. Id. at 8-10; Compl. Ex. at 1.

4

Plaintiff further alleges Defendants Spreadly, Edward, and McGee conspired to conceal the knife inmate Bank used to stab him by failing to take photos of the knife. Compl. at 10, 12.

## IV. Summary of the Arguments

Defendants move the Court to dismiss Plaintiff's Complaint. Motion at 1. They assert Plaintiff fails to state a failure-to-protect claim under the Eighth Amendment, arguing Plaintiff provides only conclusions with no facts suggesting Defendants could have foreseen the attack. Id. at 3-4. Defendants contend, "Plaintiff does not allege that Defendants had prior knowledge that his cell mate would assault him or that they would assault each other." Id. at 5. Defendants further argue Plaintiff fails to state a conditions-of-confinement claim under the Eighth Amendment. Id. at 7-8. Defendants maintain Plaintiff's allegations regarding his cell assignment with inmate Bank amount to no more than a suggestion of negligence, not intentional conduct to subject to him an unreasonable risk of serious harm. Id. at 7. Finally, Defendants assert Plaintiff fails to state a conspiracy claim because he alleges no facts showing Defendants "reached an understanding" to deny him his constitutional rights. Id. at 11. In the alternative, Defendants argue the intracorporate conspiracy doctrine bars the claim. Id. at 12.[2]

---

[2] Defendants do not address Plaintiff's failure-to-intervene claim against Defendant Spreadly. Because Defendants seek

In response, Plaintiff argues his failure-to-protect claim is sufficiently pled because he alleges Defendants were aware of the incident that occurred in November 2016 at SCI, in which one inmate (a convicted murderer) stabbed and killed his cellmate. Resp. at 1. Plaintiff says the prior inmate death was a result of "inadequate[] screening by classification [officer Defendant] Comerford . . . and [Defendant] Morgan." Id. at 1-2. Plaintiff claims Defendants Clemmons and Mock were aware of the previous murder and failed to take corrective action to ensure the dorms were being properly searched, in violation of Florida Administrative Code provisions. Id. at 2.

Plaintiff also notes he alleges all Defendants knew his cellmate, inmate Bank, was a murderer and gang member. Id. at 2-3. Plaintiff contends his allegations demonstrate "a history of widespread abuse at [SCI]," referencing the November 2016 murder, and suggesting other inmate attacks occurred in the months following his attack. Id. at 3. With respect to the conspiracy claim, Plaintiff states the intracorporate conspiracy doctrine does not apply because Defendants' actions were criminal in nature. Id. at 3-4. Plaintiff states Defendants Spreadly, Edward, and McGee's concerted efforts to conceal the knife prevented him from pursuing criminal charges against inmate Bank. Id. at 4-5.

_____

dismissal of Plaintiff's Complaint as a whole, however, the Court is obliged to address this claim.

As to Defendant Spreadly's actions, Plaintiff says the following, clarifying the allegations in his Complaint:

> Defendant Spreadly was present at Plaintiff['s] cell front talking to inmate [B]ank and watch[ed] inmate [B]ank assault[] Plaintiff th[e]n walk off like he saw nothing and came back with inmate [H]arris that['s] blood gang member and refused to let me out [of] the cell but left and allowed inmate [H]arris to slide a knife inside a brown RDP bag under the cell door to his gang member brother inmate [B]ank.

Id. at 3-4.

## V. Analysis & Conclusions

### A. Eighth Amendment

The Eighth Amendment demands prison officials "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994). However, prison officials are obligated to ensure "reasonable safety;" they are not constitutionally liable for every inmate-on-inmate attack. Id. at 834, 844. Instead, it is "[a] prison official's 'deliberate indifference' to a substantial risk of harm to an inmate [that] violates the Eighth Amendment." Id. at 828. To state a deliberate indifference claim, a plaintiff must allege three elements: "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) a causal connection between the defendants' conduct and the Eighth Amendment violation." Brooks v. Warden, 800 F.3d 1295, 1301 (11th Cir. 2015) (quoting Caldwell v.

Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014)). The first element requires that a plaintiff allege he was exposed to "conditions posing a substantial risk of serious harm." Farmer, 511 U.S. at 834. The second element, commonly referred to as the "subjective component," requires a plaintiff to allege the prison official subjectively was aware of a substantial risk of serious harm but responded to the risk in an objectively unreasonable manner. Id. at 828, 835-36.

Whether a prisoner faces a substantial risk of serious harm is evaluated under an objective standard: "The known risk of injury must be a 'strong likelihood, rather than a mere possibility,' before a guard's failure to act can constitute deliberate indifference." Brooks, 800 F.3d at 1301 (quoting Brown v. Hughes, 894 F. 2d 1533, 1537 (11th Cir. 1990)). A jail or prison environment necessarily carries some risk of violence. As such, when a prisoner advances a deliberate indifference claim under a theory that he was exposed to a generalized risk of harm from inmate violence, he must do more than allege occasional or isolated attacks have occurred. Purcell v. Toombs Cty., Ga., 400 F.3d 1313, 1320 (11th Cir. 2005). Rather, he must allege facts demonstrating that "serious inmate-on-inmate violence was the norm or something close to it." Marbury v. Warden, 936 F.3d 1227, 1234 (11th Cir. 2019) (quoting Purcell, 400 F.3d at 1322).

In Marbury, the Eleventh Circuit held the plaintiff failed to demonstrate, on summary judgment, that he was housed in a prison "so beset by violence that confinement, by its nature, threatened him with the substantial risk of serious harm." Id. at 1235. This was so even in light of the plaintiff's verified statements that he had personally witnessed fifteen inmate stabbings, and prior to the incident in which he was stabbed, he wrote letters to the warden asking to be moved to a different dorm, which he described as an "over-rated gang affiliated block." Id. at 1231, 1234-35.

The court clarified, Eleventh Circuit precedent requires a plaintiff who alleges a generalized risk of harm to "point[] to specific features of a facility or its population rendering it particularly violent." Id. at 1235. For example, successful plaintiffs have alleged or adduced evidence showing "pervasive staffing and logistical issues rendering prison officials unable to address near-constant violence, tensions between different subsets of a prison population, and unique risks posed by individual prisoners or groups of prisoners due to characteristics like mental illness." Id. (internal citations omitted).

A plaintiff's allegations must demonstrate he is exposed to "an excessive risk of inmate-on-inmate violence" such that he faces a "constant threat of violence." Purcell, 400 F.3d at 1320 (quoting Woodhous v. Virginia, 487 F.2d 889, 890 (4th Cir. 1973)). See also Harrison v. Culliver, 746 F.3d 1288, 1300 (11th Cir. 2014). In

Harrison, the court held the plaintiff failed to establish the prison environment was one where "violence and terror reign[ed]" because there were only four similar incidents over a three-year period. 746 F.3d at 1300. The court reasoned, "the evidence of inmate-on-inmate assault involving weapons does not . . . indicate that inmates were 'exposed to something even approaching the constant threat of violence'" sufficient to trigger Eighth Amendment liability. Id. at 1299-1300 (quoting Purcell, 400 F.3d at 1313).

### i. Failure-to-Protect Claim Against Defendants Clemmons, Mock, Comerford, Morgan, Edward, and McGee

Liberally construing Plaintiff's pro se Complaint, he alleges Defendants Clemmons, Mock, Comerford, Morgan, Edward, and McGee knew of a dangerous prison condition (inmate-on-inmate violence), allowed the condition to persist, and failed to protect him from that dangerous condition. See Compl. at 8-10, 12. Under the stringent Eleventh Circuit standard, Plaintiff fails to allege an Eighth Amendment violation against these Defendants.

Plaintiff's only factual support for his claim is that Defendants knew his cellmate was a murderer and gang member and the month before the attack, a similar inmate-on-inmate attack occurred, resulting in an inmate's death. Id. at 8-10, 13. Even accepting Plaintiff's allegations as true, Plaintiff fails to allege facts permitting the reasonable inference he faced a

substantial risk of serious harm. See Brooks, 800 F.3d at 1301. Plaintiff does not allege a specific feature of the dorm rendered it a particularly violent place such that he was exposed to the constant threat of violence. See Marbury, 936 F.3d at 1235; Harrison, 746 F.3d at 1300. For instance, he does not allege the dorm was subject to overcrowding and insufficient staffing; he does not allege there were known problems among different groups of prisoners; and he does not allege there were "unique risks" present in his dorm of which prison officials were aware. See Marbury, 936 F.3d at 1235 (citing cases).

Rather, Plaintiff alleges a generalized, potential threat of harm, which exists in any prison throughout the country. See Purcell, 400 F.3d at 1323 ("In the jail setting, a risk of harm to some degree always exists by the nature of its being a jail."). A prison official's knowledge of a potential for harm, however, does not expose him to liability under the Eighth Amendment. See also Brooks, 800 F.3d at 1301 (holding the plaintiff failed to allege he faced a "strong likelihood of injury" where he asserted he reported to prison officials the inmate in the next cell threatened him, and the inmate was later able to carry out his threats when all cell doors in the dorm randomly opened at the same time).

Even accepting as true Defendants were aware of the stabbing incident that happened the month before Plaintiff was stabbed, one prior similar incident does not demonstrate Plaintiff's dorm was

a place where "violence and terror reign[ed]." See Harrison, 746 F.3d at 1298, 1300.[3] Accordingly, Plaintiff fails to allege facts demonstrating the objective component of a deliberate indifference claim.

Even if Plaintiff had alleged an objectively substantial risk of serious harm, he fails to allege facts demonstrating Defendants were deliberately indifferent to that risk. The subjective prong of a deliberate indifference claim requires a plaintiff to allege a prison official "actually (subjectively) knows that an inmate is facing a substantial risk of serious harm, yet disregards that known risk by failing to respond to it in an (objectively) reasonable manner." Rodriguez v. Sec'y for Dep't of Corr., 508 F.3d 611, 617 (11th Cir. 2007) (citing Farmer, 511 U.S. at 837, 844).

To satisfy the subjective prong, a plaintiff must do more than allege a prison official had a "generalized awareness" of a particular inmate's propensity for violence. See, e.g., Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003) (holding the

---

[3] Plaintiff vaguely references subsequent incidents as well. See Compl. at 13. However, instances of inmate violence that occurred after Plaintiff's injury are not indicative of whether Defendants knew Plaintiff was exposed to a substantial risk of serious harm yet disregarded that risk. See Estate of Owens v. GEO Grp., Inc., 660 F. App'x 763, 768 (11th Cir. 2016) ("[T]he essential timeframe under analysis is restricted to the time period before the injury has occurred.") (emphasis in original).

plaintiff failed to demonstrate the defendants knew of a particularized threat even though the defendants knew the aggressor was a "problem inmate" and had been roaming the cell he shared with the plaintiff like a "caged animal"); Johnson v. Boyd, 701 F. App'x 841, 845 (11th Cir. 2017) (affirming dismissal of the plaintiff's failure-to-protect claim because he simply alleged his cellmate who attacked him had a "well documented propensity for violence" of which the defendants were aware, but he did not allege the defendants "foresaw or knew of a specific risk" the cellmate posed).

Even when a plaintiff vaguely reports he fears his cellmate or asks to be moved, he fails to state a claim unless he provides details to substantiate his fears. See, e.g., Winstead v. Williams, 750 F. App'x 849, 851 (11th Cir. 2018) (affirming dismissal of the plaintiff's complaint where he alleged he reported to prison officials, before the attack, that he had been having unspecified "problems" and "trouble" with his cellmate); McBride v. Rivers, 170 F. App'x 648, 655 (11th Cir. 2006) (holding the defendant was not subjectively aware of a serious risk of harm even though the plaintiff asked not to be placed in a cell with the inmate who later attacked him because the plaintiff "did not identify a specific prior incident, from which the defendant could infer that a substantial risk existed").

Additionally, a plaintiff must do more than allege a prison official should have known of an inmate's propensity for violence or his likelihood of harming another inmate based on the inmate's past conduct. See Owens, 660 F. App'x at 771 (noting constructive knowledge is not the standard). See also Farmer, 511 U.S. at 838 ("[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment."). Similarly, allegations suggesting a prison official was negligent or violated internal procedures do not suffice. Id. at 828, 838. See also Goodman v. Kimbrough, 718 F.3d 1325, 1332 (11th Cir. 2013) ("Merely negligent failure to protect an inmate from attack does not justify liability under [§] 1983.") (alteration in original) (quoting Brown, 894 F.2d at 1537).

Plaintiff alleges Defendants Clemmons, Mock, Edward, and McGee were deliberately indifferent for failing to "thorough[ly] search for weapons," and Defendants Comerford and Morgan were deliberately indifferent for putting him in a cell with a murderer and gang member. See Compl. at 8-10, 13-14. Accepting these allegations as true, Plaintiff alleges no more than Defendants' "generalized awareness" of a potential for harm. Even if Defendants knew inmate Bank was a murderer and gang member or had a history of violence at the prison, Plaintiff alleges no facts permitting the reasonable inference Defendants had knowledge of a

particularized threat of harm to Plaintiff. See Carter, 352 F.3d at 1349; Johnson, 701 F. App'x at 845.

Significantly, Plaintiff does not allege inmate Bank previously harmed or threatened him or any other inmate. Plaintiff also does not allege Defendants "foresaw or knew of a specific risk" inmate Bank posed to Plaintiff and, with that knowledge, ignored the risk. See Johnson, 701 F. App'x at 845. Plaintiff does not even allege he reported a fear of his cellmate prior to the attack. Indeed, Plaintiff concedes in a grievance he filed following the incident that he never requested protection. See Compl. Ex. at 5, 7. Plaintiff states, "at no time" did he request protection because he "[did not] need . . . protection." Id. at 5. Plaintiff continued, he only needed "for DOC officials to do [their] duty." Id. If allegations of reporting vague threats or generalized fear of one's cellmate are not enough to satisfy the subjective knowledge prong, then Plaintiff's allegations must fail as well. See Carter, 352 F.3d at 1349; Winstead, 750 F. App'x at 851; McBride, 170 F. App'x at 655.

Accepting as true Defendants Clemmons, Mock, Edward, and McGee failed to ensure the dorms were thoroughly searched for weapons, any such failure, to the extent attributable to them, amounts to a "dereliction of duty," which equates to mere negligence, not deliberate indifference. See Goodman, 718 F.3d at 1332-33. In Goodman, the court held the plaintiff failed to present

15

evidence the defendant prison guards had subjective knowledge he was in serious danger from his cellmate even though one guard left her post for extended periods of time, the guards failed to conduct required head counts and cell checks, and the guards disengaged emergency call buttons without investigating why the buttons had been activated. Id. The court noted the failure to follow safety protocols "is negligence of the purest form." Id. at 1332. See also Losey v. Warden, 521 F. App'x 717, 720 (11th Cir. 2013) ("[F]ailure to follow procedures does not, by itself, rise to the level of deliberate indifference because doing so is at most a form of negligence.") (quoting Taylor v. Adams, 221 F.3d 1254, 1259 (11th Cir. 2000)).

Similarly, assuming Defendants Comerford and Morgan "inadequately screen[ed]" Plaintiff such that he should not have been placed in a cell with inmate Bank, their oversight is not actionable under § 1983 as deliberate indifference. See id. Plaintiff himself provides evidence that prison officials assigned him to a cell with inmate Bank after "a complete housing compatibility review." See Compl. Ex. at 6. Assuming any error in the compatibility review is attributable to Defendants Comerford and Morgan, the error amounts to mere negligence.

To the extent Plaintiff's claims against Defendants Clemmons, Mock, Edward, and McGee are premised on their supervisory roles, not on their direct, personal participation in any wrongdoing,

Plaintiff's claims similarly fail. Plaintiff alleges Defendants Clemmons and Mock "fail[ed] to take corrective action to have all dorm(s) through[ly] search[ed] for knife(s) [sic] and weapon(s) … knowing the high risk of danger." Compl. at 8. Plaintiff alleges Defendant Edward "fail[ed] to take corrective action to have his dorm F thorough[ly] search[ed]," and Defendant McGee "fail[ed] to take corrective action to have all [close management] unit(s) dorm(s) [sic] thorough[ly] search[ed]." Id. at 9, 10 (emphasis added).

"It is well established . . . that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). When a prisoner seeks to hold a supervisory official responsible for an inmate attack, the prisoner must demonstrate a causal connection between the supervisor's actions or inactions and the alleged constitutional violation. See Harrison, 746 F.3d at 1298.

A causal connection may be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." Id. (quoting Cottone, 326 F.3d at 1360). Only constitutional violations that are "obvious, flagrant, rampant and of continued duration" constitute violations of "widespread abuse." Id.

(quoting Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)). Isolated occurrences do not suffice. Id.

While Plaintiff contends Defendants failed to correct a "history of widespread abuse at [SCI]," see Resp. at 3, he alleges only one prior, similar inmate-on-inmate attack having had occurred. See Compl. at 13. One instance of a prior, similar incident does not constitute abuse that is "obvious, flagrant, rampant and of continued duration" to satisfy the rigorous standard for supervisory liability. See Harrison, 746 F.3d at 1298. See also Keith v. DeKalb Cty., Ga., 749 F.3d 1034, 1051-52 (11th Cir. 2014) (holding one prior, similar instance of inmate violence resulting in death, while tragic, was an "isolated incident" and not "evidence of widespread and flagrant abuse sufficient to alert [the supervisory defendant] to a substantial risk of serious harm").

For the above reasons, Plaintiff fails to state a claim against Defendants Clemmons, Mock, Comerford, Morgan, Edward, and McGee, and they are due to be dismissed from this action.

### ii. Failure-to-Intervene Claim Against Defendant Spreadly

A prison official who observes a constitutional violation has an obligation to intervene if he is in a position to do so. See Terry v. Bailey, 376 F. App'x 894, 896 (11th Cir. 2010) (citing Ensley v. Soper, 142 F.3d 1402, 1407 (11th Cir. 1998)). See also Johnson v. Boyd, 701 F. App'x 841, 846 (11th Cir. 2017) ("[A]n

officer has a duty to intervene if he observes a constitutional violation and is in a position to intervene.").

Plaintiff alleges Defendant Spreadly failed to intervene when Defendant Spreadly saw inmate Bank punch Plaintiff in the face and then walked away. See Compl. at 9, 11. Plaintiff also alleges Defendant Spreadly "came again [to his cell] with inmate Harris [who is a] blood [gang] member." Id. at 11. When Plaintiff asked Defendant Spreadly to open the cell door so he could escape from inmate Bank, Defendant Spreadly refused and walked away, leaving inmate Harris at the cell front. Id. Inmate Harris then passed inmate Bank a knife, which he used to stab Plaintiff. Id.

Accepting Plaintiff's allegations as true, Plaintiff states a deliberate indifference claim against Defendant Spreadly. See Johnson, 701 F. App'x at 846 (holding the plaintiff stated a claim where he alleged the defendant officers watched an inmate attack him but failed to intervene); Murphy v. Turpin, 159 F. App'x 945, 948 (11th Cir. 2005) (holding the plaintiff stated a failure-to-intervene claim when he alleged the defendant prison guard observed the attack but took no action). Plaintiff alleges Defendant Spreadly was in a position to intervene, but he failed or refused to do so. Plaintiff asserts Defendant Spreadly observed the initial attack and took no action to separate the inmates to prevent further harm to Plaintiff. Additionally, Plaintiff's allegations permit the inference Defendant Spreadly allowed a known gang member

(inmate Harris) to pass a knife to inmate Bank by walking away from the cell while the gang member remained. As such, Plaintiff's failure-to-intervene claim against Defendant Spreadly will proceed.

### B. Conspiracy Claim Against Defendants Spreadly, Edward, and McGee

"A plaintiff claiming a § 1983 conspiracy must prove the defendants 'reached an understanding' to violate the plaintiff's constitutional rights." Grider v. City of Auburn, Ala., 618 F.3d 1240, 1260 (11th Cir. 2010). "[T]he linchpin for conspiracy is agreement, which presupposes communication." Bailey v. Bd. of Cty. Comm'rs of Alachua Cty., Fla., 956 F.2d 1112, 1122 (11th Cir. 1992). As with any claim for the violation of a constitutional right, a conspiracy claim under § 1983 must be based on more than vague and conclusory accusations. Allen v. Sec'y, Fla. Dep't of Corr., 578 F. App'x 836, 840 (11th Cir. 2014) (citing Twombly, 550 U.S. at 555). "It is not enough to simply aver in the complaint that a conspiracy existed." Id. See also Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Here, Plaintiff does no more than allege the existence of a conspiracy with no supporting facts. Plaintiff's claim primarily rests on allegations that Defendants failed to take photos of the knife inmate Bank used to stab him. Plaintiff states Defendants

Spreadly, Edward, and McGee's "action[s] in failing to take photos of the knife they found was [sic] done with a knowing intent of conspiring to conceal the physical evidence Plaintiff was stab [sic] with." Compl. at 10. Plaintiff further alleges Defendants Edward and Spreadly claimed they found a knife on quad three in an RDP bag, but they "fail[ed] to take photos of th[e] knife." Id. at 12-13. Failing to take photos of the weapon inmate Bank used to attack Plaintiff does not implicate Plaintiff's constitutional rights. Moreover, Plaintiff has no constitutional right to have inmate Bank criminally prosecuted.

In section V of the civil rights complaint form ("Statement of Claim"), Plaintiff states in a conclusory manner that "Defendant(s) . . . conspire[ed] to help kill [him]." Id. at 7. Plaintiff does not state which Defendants conspired to do so. Moreover, as Plaintiff describes the incident, only Defendant Spreadly was present during the attack. Plaintiff alleges no facts to suggest Defendant Spreadly reached an agreement with any other Defendant to allow the attack to occur or to conceal evidence of the attack. For these reasons, Plaintiff's conspiracy claim is due to be dismissed.

Accordingly, it is now

**ORDERED:**

1. Defendants' Motion to Dismiss (Doc. 54) is **GRANTED in part** and **DENIED in part**. The Motion is **GRANTED** to the extent

Plaintiff fails to state a failure-to-protect claim against Defendants Clemmons, Mock, Comerford, Morgan, Edward, and McGee, and Plaintiff fails to state a conspiracy claim against Defendants Spreadly, Edward, and McGee. The Motion is **DENIED** to the extent Plaintiff states a plausible failure-to-intervene claim against Defendant Spreadly.

2. The **Clerk** is directed to terminate Defendants Clemmons, Mock, Comerford, Morgan, Edward, and McGee as parties to this action

3. Defendant Spreadly must answer the Complaint within **twenty days** of the date of this Order.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of November, 2019.

_____
BRIAN J. DAVIS
United States District Judge


Jax-6
c:
James Alexander Logan, #Y00683
Counsel of Record

22