UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES ALEXANDER LOGAN,

        Plaintiff,

v.                              Case No. 3:17-cv-765-J-39PDB

T. A. SPREADLY,

        Defendant.
_____

## ORDER

Plaintiff, an inmate of the Florida Department of Corrections (FDOC), is proceeding on a pro se civil rights complaint (Doc. 1; Compl.) against a corrections officer, Sergeant Spreadly.[1] Plaintiff alleges Defendant Spreadly failed to intervene when his cellmate attacked him with a knife on December 15, 2016. See Compl. at 9, 13. In the motion before the Court, Plaintiff seeks an order compelling discovery, imposing spoliation sanctions against the Office of the Inspector General (IG) for the FDOC, and granting him injunctive relief (Doc. 67; Motion).

### Motion to Compel

Plaintiff seeks an order compelling the FDOC to obtain and produce video and photographic evidence of the December 15, 2016 attack. See Motion at 2. In a request for production (Doc. 67-1;

---

[1] The Court entered an order dismissing the other Defendants. See Order (Doc. 63).

Pl. Ex.), Plaintiff requested Defendant Spreadly produce "all video evidence from December 15, 2016." See Pl. Ex. at 1. Plaintiff did not request photographic evidence. Defendant responded, agreeing to provide video evidence of the incident to the extent it was available. Id. Plaintiff asserts defense counsel later informed him that no video evidence exists. See Motion at 2. Plaintiff contends the video evidence was "destroyed knowingly and intentionally by the [IG's] office." Id.

Defendant Spreadly opposes Plaintiff's motion to compel (Doc. 68; Def. Resp.). Spreadly asserts he responded to Plaintiff's request for production, and he offers the declarations of two FDOC employees showing defense counsel requested that the IG's office provide any available video evidence or investigation report. See Def. Resp. at 1-2. Frank Freihofer, a classification supervisor at Suwannee Correctional Institution (68-1; Freihofer Dec.), avers "there is no video or audio captured in that area of the correctional institution"[2] and thus no such evidence could be "provided to the Office of the Attorney General responsive to their

---

[2] It is unclear to what "area" Mr. Freihofer is referring. The incident that is the subject of Plaintiff's complaint occurred inside his cell, an area that would not be captured on video. See Compl. at 11. However, Plaintiff alleges Defendant Spreadly ignored Plaintiff's request for help and walked away from Plaintiff's cell knowing another inmate planned to pass a knife to Plaintiff's cellmate. Id. at 11-12. Mr. Freihofer does not state whether any camera could have captured these events, which presumably occurred in a hall or common area outside Plaintiff's cell.

2

request." Freihofer Dec. ¶ 3. And, Freihofer continues, under the FDOC policy, video footage is retained for only thirty days, which in this case "would have elapsed on January 14, 2017."[3] Id. ¶ 4. Leslie Rodes, an executive secretary for the FDOC (Doc. 68-2; Rodes Dec.), avers the IG's office did not investigate the December 15, 2016 incident, but rather "referred [the incident] back to Management for handling at the institution level." Rodes Dec. ¶ 3.

Upon review, the Court **denies** Plaintiff's motion to compel the FDOC to obtain and produce video evidence. The FDOC is not a party to this action, and FDOC employees have averred there is no video evidence of the December 15, 2016 incident. To the extent Plaintiff seeks an order compelling Defendant Spreadly to produce video evidence, the Court cannot compel Defendant to produce that which does not exist.[4]

**Motion for Sanctions**

Plaintiff moves the Court to impose sanctions against the IG's office in the amount of $150,000 for "knowingly and intentionally destroying favorable evidence," including videos and

---

[3] Notably, Plaintiff submitted a formal grievance within days of the incident, on December 19, 2016 (Doc. 1-1; Compl. Ex.), requesting that video footage be retained in accordance with the FDOC Procedure Mr. Freihofer references in his declaration: 602.033. See Compl. Ex. at 4.

[4] And because Plaintiff did not request photographic evidence in his request for production, there is no basis upon which to compel the disclosure of such evidence to the extent any exists.

3

photos. See Motion at 3. Plaintiff says he submitted a grievance shortly after the incident, requesting video and photo evidence "be saved for federal litigation." Id. at 2. See also Compl. Ex. at 4-5.[5] In his motion, Plaintiff asserts the IG's office conspired to cover up the December 15, 2016 stabbing incident by destroying evidence and refusing to investigate. See Motion at 2. He says such conduct amounts to spoliation of evidence. Id. at 4.

In response, Defendant Spreadly says he did not have custody or control of video evidence and thus had no duty to preserve it. See Def. Resp. at 3.

Spoliation sanctions are not warranted against the IG's office because the IG is not a party to this action. And Plaintiff fails to show sanctions are appropriate against Defendant Spreadly.

> For a spoliation sanction to apply, it is essential that the evidence in question be within the party's control, that is, the party actually destroyed or was privy to the destruction of the evidence. Further, the party having control over the evidence must have an obligation to preserve it at the time it was destroyed, and generally be on notice of a claim or potential claim at the time of the destruction.

---

[5] The Warden's office approved his grievance on December 30, 2016, and referred Plaintiff's complaint to the IG's office for "appropriate action." See Compl. Ex. at 3. The grievance responder did not specifically address Plaintiff's request to retain video footage, and based on Mr. Freihofer's declaration, it is unclear whether any such footage ever existed.

4

Watson v. Edelen, 76 F. Supp. 3d 1332, 1343 (N.D. Fla. 2015). Plaintiff fails to show Defendant Spreadly destroyed or was privy to an alleged destruction of evidence. Moreover, Plaintiff does not show Defendant Spreadly had an obligation to preserve video evidence, knew of Plaintiff's request that video footage be retained, or knew of Plaintiff's intention to file a lawsuit before he did so in July 2017.

Thus, the Court **denies** Plaintiff's motion to impose spoliation sanctions.

**Request for Injunctive Relief**

While unclear, it appears Plaintiff moves the Court for injunctive relief in the event he and Defendant are unable to settle the case.[6] See Motion at 5. Plaintiff asks the Court to grant him "injunct[ive] relief to [be] housed alone or in an open bay dorm." Id.

Plaintiff's request for injunctive relief does not comply with this Court's Local Rules, which require that a motion for injunctive relief be supported by a verified complaint or affidavits showing the movant is threatened with irreparable injury, describe precisely the conduct sought to be enjoined, and include a supporting memorandum of law. See M.D. Fla. R. 4.05(b)(1)-(4), 4.06. Moreover, courts generally will not

---

[6] Plaintiff says he has engaged Defendant Spreadly in settlement discussions. See Motion at 4. See also Pl. Ex. at 2.

5

interfere in matters of prison administration, including an inmate's custody status or location of confinement. See Bell v. Wolfish, 441 U.S. 520, 547-48 (1979) ("[T]he operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches . . . not the Judicial."). Thus, the Court **denies** Plaintiff's request for injunctive relief.

**Alleged Destruction of Video Evidence**

The Court finds concerning that defense counsel does not acknowledge or address that Plaintiff submitted a formal grievance to the Warden's office requesting that video footage "be saved for federal litigation." See Motion at 2. Plaintiff submitted a formal grievance on December 19, 2016, see Compl. Ex. at 4, and expressly requested the FDOC retain video footage pursuant to FDOC Procedure 602.033(11), which provides as follows:

> Requests by inmates for video segments to be retained in excess of the thirty (30)-day period in conjunction with formal grievance submissions will be evaluated by a staff member designated by the Warden to determine if the video segment specifically requested provides information supportive of the inmate's allegations or not. If not, the segment will not be retained and the inmate will be advised of this decision and the basis upon which it is made (i.e., the video segment does not support the alleged issues asserted in the grievance). If the decision is made that the video segment is to be retained, the steps outlined in section (15) below will be followed.

6

Not only did Plaintiff submit a formal grievance before the thirty-day retention period expired, see Compl. Ex. at 4, the Warden's office approved his grievance on December 30, 2016, also within the thirty-day retention period, and referred Plaintiff's complaint to the IG's office for "appropriate action." Id. at 3. In the grievance response, the Warden's representative did not inform Plaintiff the video footage he requested was reviewed and found not to support his allegations.

Upon review of the file, it is unclear whether video footage of the incident never existed or whether any such footage existed and was destroyed. It is also unclear whether, if any video footage existed, it was sent to the IG's office when Plaintiff's complaint was referred immediately after the incident and if so, whether the IG's office returned or destroyed the footage when it declined to investigate the incident.

While the Court is troubled by the suggestion that video footage may have intentionally been destroyed after Plaintiff timely requested it be retained, for reasons stated in this Order, Defendant Spreadly cannot be held to account for alleged destruction of video evidence (if any) of the December 2016 incident. However, in light of Plaintiff's suggestion that video footage was intentionally destroyed by a non-party, the Court directs the **clerk** to send a copy of this Order and Plaintiff's

7

motion (Doc. 67) to the IG's office for any action or investigation that may be warranted.

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of April, 2020.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6

c:  James Logan
    Counsel of record